UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |
|---|---|
| In re: | Chapter 7 |
| DYLAN BROWN, | |
|         Debtor. | Case No. 05-60220 (ALG) |

_____

|  |  |
|---|---|
| HEARST MAGAZINES, A Division<br>Of HEARST COMMUNICATIONS, INC., | |
|         Plaintiff, | **STIPULATION AND ORDER**<br><br>Adversary Proceeding<br>No. 06-1363 (ALG) |
| -against- | |
| DYLAN BROWN, | |
|         Defendant. | |

_____

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned parties to the captioned adversary proceeding, as follows:

WHEREAS, on December 21, 2005, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code;

WHEREAS, on March 22, 2006, Hearst Magazines, a Division of Hearst Communications, Inc., timely filed the captioned adversary proceeding against the Debtor seeking a determination under Bankruptcy Code § 523 as to the dischargeability of a debt of $176,528.45 evidenced by a Judgment (the "Judgment") entered against the Debtor in New York State Court litigation on November 9, 2005, and objecting under Bankruptcy Code § 727 to the Debtor's discharge;

WHEREAS, the Plaintiff and the Debtor have each moved for summary

judgment in the Adversary Proceeding, and those motions are pending at this time;

WHEREAS, in the view of the risks and costs associated with litigation, the parties hereto now wish to settle and resolve this matter, Adversary Proceeding No. 06-1363 (the "Adversary Proceeding"), upon the following terms and conditions:

1. The debt evidenced by the Judgment shall and hereby is excepted under Bankruptcy Code § 523 from any discharge granted to the Debtor and shall be non-dischargeable under the Bankruptcy Code. Plaintiff hereby withdraws its objection under Bankruptcy Code § 727 to the Debtor's discharge.

2. Notwithstanding the foregoing, Plaintiff agrees to accept payment of $84,000.00 (the "Settlement Amount") from the Debtor as and for a complete settlement of the debt evidenced by the Judgment, subject to the terms and conditions set forth herein.

3. The Settlement Amount shall be paid in monthly installments of not less than $1,000.00 beginning on the first day of the month after which this Stipulation and Order shall be fully executed and "SO ORDERED" by the Court and each month thereafter until the Settlement Amount is paid in full.

4. All payments shall be made payable to the order of "Bernard D'Orazio, P.C., As Attorneys" and transmitted so as to be received by the due date each month at the following address:

Bernard D'Orazio, P.C.
100 Lafayette Street-Suite 601
New York, New York 10013-4400

5. If any payment shall not be received by the due date, plaintiff may seek to enforce and collect upon the Judgment, including post-judgment interest but less any payments received prior thereto, without further notice.  Notwithstanding the

foregoing, the Debtor shall have fifteen (15) days to cure any default hereunder from the date plaintiff sends a Notice of Default to defendant and his counsel, as noted below.

6. Upon collection of the full Settlement Amount, plaintiff shall file a Satisfaction of the Judgment and send a copy to defendant's counsel.

7. The Debtor agrees to cooperate fully with Plaintiff in any efforts by Plaintiff to recover the debt evidenced by the Judgment from any other party who may be responsible. Cooperation may include, but is not necessarily limited to, providing documents or information, meeting and communicating with counsel for Plaintiff, and providing testimony. Debtor's cooperation is a material inducement to Plaintiff agreeing to this Stipulation. Debtor's failure to cooperate will be considered a material breach of this Stipulation. Any monies recovered from other parties shall be applied to the balance owed on the Judgment.

8. The settlement set forth in this Stipulation is subject to the approval of the Bankruptcy Court. In the event that the Bankruptcy Court declines to approve the settlement, the provisions of this Stipulation shall be null, void and of no further force and effect. Promptly after the parties execute this Stipulation, counsel for the Plaintiff shall take all necessary action to seek approval for the settlement set forth in this Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

9. This Stipulation may be signed in counterparts, with each part being deemed a part of the original document. The Parties may exchange signed copies of this Stipulation by facsimile transmission and/or e-mail, in which case the signatures contained on the Stipulation shall be treated as original signatures.

10. The Supreme Court of the State of New York, New York County, shall

have jurisdiction over all issues concerning breach of the terms of this Stipulation.

Dated: New York, New York
March 23, 2007

LAW OFFICES OF
BERNARD D'ORAZIO, P.C.

    s/Bernard D'Orazio          s/Greg Messer
By: _____     _____
    Bernard D'Orazio (BD 2494)     GREGORY M. MESSER, ESQ. (GM 7539)
Attorneys for Plaintiff               Attorney for the Debtor
100 Lafayette Street-Suite 601     26 Court Street-24th Floor
New York, New York 10013-4400   Brooklyn, NY 11242
(212) 608-5300                      (718) 858-1474

                                   s/Dylan Brown
                                   _____
                                   DYLAN BROWN
                                   Chapter 7 Debtor


SO ORDERED: 4/26/2007


  */s/ Allan L. Gropper*
ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE

_____